Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Annie Aboulian (SBN 280693)
annie@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538
Attorneys for Plaintiff


Dariush G. Adli, State Bar No. 204959
adli@adlilaw.com
ADLI LAW GROUP P.C.
444 South Flower Street, Suite 1750
Los Angeles, California 90071
Telephone: 213-623-6546
Facsimile:  213-623-6554

Attorney for Defendants
THE WET SEAL, INC. d/b/a WET SEAL
d/b/a ARDEN B. d/b/a CONTEMPO CASUALS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVELTY TEXTILE, INC., | Case No.: CV13-05527 SJO (MRW) |
| | *Honorable Michael R. Wilner Presiding* |
| Plaintiff, | **(DISCOVERY MATTER)** |
| v. | **[PROPOSED] PROTECTIVE ORDER** |
| THE WET SEAL, INC.; *et al.*, | |
| Defendants. | |

- 1 -

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this matter would be warranted.  Accordingly, the parties hereby stipulate to and petition this Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties have agreed that the terms of this Protective Order shall also apply to any future voluntary disclosures of confidential, proprietary, or private information.  The parties reserve their rights to object to or withhold any information, including confidential, proprietary, or private information, on any other applicable grounds permitted by law, including third-party rights and relevancy.

2.    DEFINITIONS

2.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items:  information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

- 2 -

2.4    "Attorneys' Eyes Only":  Discovery Material or such portion of such material as consists of:

a) any commercially sensitive and/or confidential business or financial information (including without limitation confidential nonpublic contracts, profitability reports or estimates, sales reports, and sales margins) which could reasonably create a competitive disadvantage if disclosed to the parties in this action;

b) any business or financial information that is confidential, proprietary, or commercially sensitive to third parties who have had business dealings with parties to this action; or

c) any other category of material or information hereinafter given Confidential status by the Court, to the extent said material could reasonably create a competitive disadvantage if disclosed to the parties in this action.

2.5    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7    Designating Party:   a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.8    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.9    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.  The expert witness or consultant may not be a past or a current employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert

- 3 -

witness or consultant, or someone who at the time of retention is anticipated to become an employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant.  Moreover, the expert witness or consultant may not be a current employee or anticipated to become an employee of any entity who is a competitor of the Party adverse to the Party engaging the expert witness or consultant.

2.10   Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in litigation or in other settings that might reveal Protected Material.

4.   DURATION

Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.   Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific

- 4 -

material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.    Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material.

A Party or non-party that makes originals or copies of documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it intends to copy.  During the inspection and before the designation, all of the material made available for

- 5 -

inspection shall be deemed "ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must designate, either in writing or on the record (at a deposition), which documents, or portions thereof, qualify for protection under this Order.  Then the Receiving Party must affix the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend at the top of each copied page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").

(b)   for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend

- 6 -

1  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as instructed by the Party or

2  non-party offering or sponsoring the witness or presenting the testimony.

3              (c)    for information produced in some form other than

4  documentary, and for any other tangible items, that the Producing Party affix in a

5  prominent place on the exterior of the container or containers in which the

6  information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS'

7  EYES ONLY."  If only portions of the information or item warrant protection, the

8  Producing Party, to the extent practicable, shall identify the protected portions,

9  specifying whether they qualify as "CONFIDENTIAL" or as "ATTORNEYS' EYES

10 ONLY."

11             5.3    Inadvertent Failures to Designate.    If timely corrected, an

12 inadvertent failure to designate qualified information or items as "CONFIDENTIAL"

13 or "ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating

14 Party's right to secure protection under this Order for such material. If material is

15 appropriately designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"

16 after the material was initially produced, the Receiving Party, on timely notification

17 of the designation, must make reasonable efforts to assure that the material is treated

18 in accordance with the provisions of this Order.

19

20        6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

21             6.1    Timing of Challenges.    Unless a prompt challenge to a

22 Designating Party's confidentiality designation is necessary to avoid foreseeable

23 substantial unfairness, unnecessary economic burdens, or a later significant

24 disruption or delay of the litigation, a Party does not waive its right to challenge a

25 confidentiality designation by electing not to mount a challenge promptly after the

26 original designation is disclosed.

27

28

[PROPOSED] PROTECTIVE ORDER

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party in writing.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first.

6.3     Court Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet-and-confer dialogue.  The parties agree that a confidentiality designation shall not create a presumption in favor of such confidentiality designation, and that the Court shall decide the issue as such.

Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such

- 8 -

1   Protected Material may be disclosed only to the categories of persons and under the

2   conditions described in this Order.   When the litigation has been terminated, a

3   Receiving Party must comply with the provisions of section 11, below (FINAL

4   DISPOSITION).

5            Protected Material must be stored and maintained by a Receiving Party

6   at a location and in a secure manner that ensures that access is limited to the persons

7   authorized under this Order.

8            7.2    Disclosure of "CONFIDENTIAL" Information or Items.   Unless

9   otherwise ordered by the Court or permitted in writing by the Designating Party, a

10  Receiving Party may disclose any information or item designated

11  "CONFIDENTIAL" only to:

12            (a)    the Receiving Party's outside counsel, as well as employees

13  of said outside counsel to whom it is reasonably necessary to disclose the information

14  for this litigation;

15            (b)    Board members, officers and directors of the Receiving

16  Party;

17            (c)    Other employees of the Receiving Party to whom disclosure

18  is reasonably necessary for this litigation and who are bound by internal

19  confidentiality obligations as part of their employment or who have signed the

20  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21            (d)    Experts (as defined in this Order) of the Receiving Party to

22  whom disclosure is reasonably necessary for this litigation and who have signed the

23  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24            (e)    the Court personnel assigned to this litigation;

25            (f)    court reporters, their staffs, and professional vendors to

26  whom disclosure is reasonably necessary for this litigation and who have signed the

27  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28

(g)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)     the author and recipients of the document or the original source of the information.

7.3     Disclosure of "ATTORNEYS' EYES ONLY" Information or Items.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's outside counsel, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the Court personnel assigned to this litigation;

(d)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)     the author and recipients of the document or the original source of the information.

7.4     Nothing in this Order shall be read to prohibit the use of otherwise Protected Material to prosecute claims against additional potential defendants identified in said materials.

1

2      8.      PROTECTED   MATERIAL   SUBPOENAED   OR   ORDERED

3              PRODUCED IN OTHER LITIGATION

4           If a Receiving Party is served with a subpoena or an order issued in other

5  litigation that would compel disclosure of any Discovery Material, the Receiving

6  Party must so notify the Designating Party, in writing immediately and in no event

7  more than five business days after receiving the subpoena or order.  Such notification

8  must include a copy of the subpoena or court order.  The Receiving Party also must

9  immediately inform in writing the Party who caused the subpoena or order to issue in

10  the other litigation that some or all of the material covered by the subpoena or order

11  is the subject of this Protective Order.  In addition, the Receiving Party must deliver a

12  copy of this Stipulated Protective Order promptly to the Party in the other action that

13  caused the subpoena or order to issue.

14          The purpose of imposing these duties is to alert the interested parties to the

15  existence of this Protective Order and to afford the Designating Party in this case an

16  opportunity to try to protect its confidentiality interests in the court from which the

17  subpoena or order issued.  The Designating Party shall bear the burdens and the

18  expenses of seeking protection in that court of its confidential material – and nothing

19  in these provisions should be construed as authorizing or encouraging a Receiving

20  Party in this action to disobey a lawful directive from another court.

21

22      9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

23          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

24  Protected Material to any person or in any circumstance not authorized under this

25  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

26  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

27  to retrieve all copies of the Protected Material, (c) inform the person or persons to

28

- 11 -

1    whom unauthorized disclosures were made of all the terms of this Order, and (d)

2    request such person or persons to execute the "Acknowledgment and Agreement to

3    Be Bound" that is attached hereto as Exhibit A.

4

5         10.    FILING PROTECTED MATERIAL

6         Without written permission from the Designating Party, or a court order

7    secured after appropriate notice to all interested persons and after following the

8    procedures provided for in Local Rule 79-5.1, a Party may not file in the public

9    record in this action any Protected Material.

10

11        11.    FINAL DISPOSITION

12        Unless otherwise ordered or agreed to in writing by the Producing Party,

13   within 60 days after the final termination of this action, each Receiving Party must

14   either return all Protected Material to the Producing Party or certify the destruction of

15   said material. As used in this subdivision, "all Protected Material" includes all copies,

16   abstracts, compilations, summaries or any other form of reproducing or capturing any

17   of the Protected Material. Whether the Protected Material is returned or destroyed,

18   the Receiving Party must submit a written certification to the Producing Party (and, if

19   not the same person or entity, to the Designating Party) by the 60-day deadline that

20   identifies (by category, where appropriate) all the Protected Material that was

21   returned or destroyed and that affirms that the Receiving Party has not retained any

22   copies, abstracts, compilations, summaries or other forms of reproducing or capturing

23   any of the Protected Material.

24        Notwithstanding this provision, counsel are entitled to retain an archival copy

25   of all pleadings, motion papers, transcripts, legal memoranda, correspondence or

26   attorney work product, even if such materials contain Protected Material. Any such

27

28
- 12 -

archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

### 12.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification in the future.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Inadvertent Production of Privileged Documents.  If a Party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney-client privilege, the work product privilege, or any other privilege, such production shall not be deemed a waiver of any privilege, and the Producing Party may give written notice to the Receiving Party that the document or information produced is deemed privileged and that return of the document or information is requested.  Upon receipt of such notice, the Receiving Party shall immediately gather the original and all copies of the document or information of which the Receiving Party is aware, in addition to any abstracts, summaries, or descriptions thereof, and shall immediately return the original and all such copies to the Producing Party.  Nothing stated herein shall preclude a Party from challenging an assertion by the other Party of privilege or confidentiality.

Dated: February 6, 2014                    _____
                                                                  HON. MICHAEL R. WILNER
                                                                  UNITED STATES DISTRICT COURT

- 13 -

[PROPOSED] PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name], of _____ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Novelty Textile, Inc. v. The Wet Seal, Inc., et al., Case No. CV13-5527 SJO (MRW)*.  I agree to comply with and to be bound by all of the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print full name] of _____ [print full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

- 14 -

[PROPOSED] PROTECTIVE ORDER